Christopher J. Reichman  SBN 250485
[chrisr@prato-reichman.com]
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, CA 92123
Telephone: 619-683-7971

Attorney for Plaintiff
PAUL SAPAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| PAUL SAPAN,<br><br>                Plaintiff,<br>          vs.<br>FIRST CHOICE CREDIT<br>MANAGEMENT, LLC.,<br>a Florida Limited Liability Company,<br>ANTHONY P. SACCHETILLO, an<br>individual,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Violation(s) of Telephone<br>Consumer Protection Act of 1991<br>Trespass to Chattel<br>Unfair Business Practices** |

COMES NOW Plaintiff PAUL SAPAN (hereinafter referred to as
"Plaintiff") who alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff at all times herein mentioned was a resident of the County of Los Angeles, but has recently moved to the County of Orange, State of California.

2.      Defendant First Choice Credit Management, LLC. ("First Choice Credit Management"), is, and at all times herein mentioned was, a Florida Limited Liability Company, doing business in the County of Los Angeles, State of California.

3.      Defendant Anthony P. Sacchetillo, is, and at all times herein mentioned was, an individual, doing business in the County of Los Angeles, State of California.

4.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq.  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, -- U.S. --, 132 S.Ct. 740, 753 (2012).  The state law claim herein arises out of a common nucleus of operative facts and is subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

5.      At all times herein mentioned each defendant was the partner, agent and employee of each co-defendant herein and was at all times acting within the

scope of such partnership, agency and employment and each defendant ratified the conduct of each co-defendant herein.

## **FACTUAL SUMMARY**

6.     Defendant First Choice Credit Management, LLC. made four (4) live sales calls to Plaintiff Paul Sapan's home phone number (310-444-1999) wherein they tried to pitch credit enhancement services on the following dates and times and using the following Caller ID ("CID") numbers:

- 5/17/11 9:33 am, CID 589-657-85555
- 5/17/11 9:40 am, CID 561-935-1967
- 5/18/11 10:59 am, CID 561-935-1967
- 5/20/11 9:26 am, CID 561-935-1967

7.     All four of the calls complained of above did not use a Caller ID name, much less an accurate one, as is required by law.  47 C.F.R. § 64.1601(e).

8.     During the first call, on May 17, 2011 at 9:33 am from CID number 589-657-8555 "Jason" of "Consumer Debt Center" began pitching debt services.

9.     In order to find out who was behind these calls since the names "Jason" and "Consumer Debt Center" were intentionally vague, Mr. Sapan feigned interest.

10.     Upon feigning interest, "Jason" then transferred the call to "Mark" of First Choice Credit Management.

11.     Now that an identifiable company name was given, Mr. Sapan said he was not interested and hung up.

12.     During the second call from CID number 561-935-1967 "Mark" of First Choice Credit Management called Mr. Sapan's home phone number and began to try to pitch debt services before Mr. Sapan hung up.

13.     The third and fourth calls were made by "Mark" of First Choice Credit management under the same CID number as the second call, and he again tried to pitch debt services before Mr. Sapan hung up.

14.     All four (4) calls were directed toward Mr. Sapan for the purpose of selling debt services to him.

15.     After the first call, Mr. Sapan performed a Google search on First Choice Credit Management where he found the organization listed with the Florida Department of State, Division of Corporations filings as First Choice Credit Management, LLC.

16.     Furthermore, Defendant Anthony P. Sacchetillo is listed in those official filings as the sole manager of First Choice Credit Management, LLC.

17.     Plaintiff pleads on information and belief that Defendant Anthony P. Sacchetillo as the sole manager of Defendant First Choice Credit Management LLC., ordered authorized, and had substantial involvement in causing the calls complained of herein to be transmitted to Mr. Sapan.

Complaint

18.     Mr. Sapan has been harmed by the junk calls complained of herein by the direct waste of his time during the calls themselves, the indirect waste of time in having to break from other important tasks and spend time catching up after these junk calls, the waste of telephone service which he and not Defendants must pay for, the costs of having to pursue legal remedies, and in the aggravation and consequent health effects of stress these illegal intrusions have caused.

### FIRST CAUSE OF ACTION
[Violation of Telephone Consumer Protection Act of 1991]

19.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

20.   Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

21.   Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations".

22.   At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the FTC's federal do-not-call registry maintained by the U.S. Government.

23.   Defendants have called Plaintiff's residential telephone line for solicitation purposes during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

24.   Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the national do-not-call registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief, or Plaintiff may recover $500.00 for each violation, or both.  If the court finds that defendants' violations were willful or knowing, it may, in its discretion, award up to three times that amount.


## SECOND CAUSE OF ACTION
[Trespass to Chattel]

25.   Plaintiff realleges all paragraphs above and incorporates them herein

by reference.

26.   The conduct by defendants complained of herein, namely illegally calling Plaintiff's phone, constitutes an electronic trespass to chattel.

27.   At no time did Plaintiff consent to this trespass.

28.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 4% of his monthly phone bill in November of 2011 since Defendant's calls constituted 4% or more of the total calls to his phone at the height of their junk calling campaign.

29.   In making the illegal calls described above, defendants were guilty of oppression and malice, in that defendants made said calls with the intent to vex, injure, or annoy Plaintiff or with a willful and conscious disregard of Plaintiff's rights. Plaintiff therefore seeks an award of punitive damages.


### THIRD CAUSE OF ACTION
[Engaging in Unfair Business Practices]

30.   Plaintiff realleges all paragraphs above and incorporates them herein by reference.

31.   Because these telephone calls violate federal statutes, they are unlawful business practices within the meaning of section 17200 of the Business and Professions Code.

32.   As a proximate result of these intrusions, Plaintiff suffered damage in an amount according to proof, but no less than 4% of his monthly phone bill in November of 2013 since Defendant's calls constituted 4% or more of the total calls to his phone at the height of their junk calling campaign.

33.   Section 17203 of the Business and Professions Code entitles Plaintiff to an injunction enjoining defendants from engaging in unfair or unlawful business practices.

WHEREFORE Plaintiff prays for judgment against defendants, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.   For an award of $500.00 for each violation of 47 C.F.R. §64.1200 (c)(2);

2.   For an award of $1,500.00 for each such violation found to have been willful;

On the SECOND CAUSE OF ACTION:

3.   For compensatory damages according to proof;

4.   For punitive damages;

On the THIRD CAUSE OF ACTION:

5.   For preliminary and permanent injunctions, enjoining Defendants, and each of them, from engaging in unfair or unlawful business practices pursuant to section 17203 of the Business and Professions Code;

/ / /

/ / /

Complaint

On ALL CAUSES OF ACTION:

      6.    For attorney's fees pursuant to California Code of Civil Procedure § 1021.5.

      7.    For costs of suit herein incurred; and

      8.    For such further relief as the Court deems proper.

DATED: April 1, 2015                    **PRATO & REICHMAN, APC**

                                        /s/Christopher J. Reichman, Esq.
                                        By: Christopher J. Reichman, Esq.
                                        **Prato & Reichman, APC**
                                        Attorneys for Plaintiff
                                        PAUL SAPAN

Complaint